IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NHU Y. LE,  Plaintiff, | : : : | |
| v. | : : | CIVIL ACTION NO. 21-CV-3033 |
| DAVID M. BERENATO, *et al.*,  Defendants. | : : : | |

### MEMORANDUM

**MCHUGH, J.**                                                                                          **DECEMBER 7, 2021**

This matter comes before the Court by way of a Notice of Removal (ECF No. 2) filed by Defendant David Berenato, proceeding *pro se*, removing this action from the Court of Common Pleas of Philadelphia County, Pennsylvania.  Also before the Court is Berenato's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1) and a Motion to Remand to the Court of Common Pleas of Philadelphia County (ECF No. 4) filed by counsel for Plaintiff, Nhu Y. Le. Because it appears that Mr. Berenato is unable to afford to pay the filing fee associated with removal, the Court will grant him leave to proceed *in forma pauperis*.  For the following reasons, the Court will grant Plaintiff's Motion to Remand and remand this case to the Court of Common Pleas of Philadelphia County for lack of subject matter jurisdiction.

**I.      FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**[1]

On or about June 22, 2021, Mr. Berenato filed a Notice of Removal with respect to an action originally filed in the Court of Common Pleas of Philadelphia County (hereinafter, "the Philadelphia County Action").  (ECF No. 2.)   Attached to the Notice of Removal is a copy of the Civil Action Complaint in Ejectment filed in the Philadelphia County Action on December 16,

---

[1]   The factual allegations set forth in this Memorandum are taken from Berenato's Notice of Removal and all  exhibits and documents attached thereto.  (ECF No. 2.)

2019 (ECF No. 2-1), which, in conjunction Plaintiff Le's Motion to Remand (ECF No. 4) and the exhibits attached thereto (ECF Nos. 4-5 to 4-9), reveal that the Philadelphia County Action seeks to eject Berenato from a residential property located at 2302 South 22nd Street, Philadelphia, PA 19145 (hereinafter, "the 22nd Street Property").

Berenato asserts that he removed this action from the Court of Common Pleas of Philadelphia County because it "seeks adjudication of federally related securities and mortgage backed federal insurance guarantees by the 'FDIC'." (ECF No. 2 at 1.) Berenato's Notice of Removal is lengthy, repetitive, and reiterates a number of general legal principles about the jurisdiction of the federal courts and the propriety of removal. (*See generally* ECF No. 2 at 1-19.) At its core, however, the Notice of Removal essentially claims that removal of the Philadelphia County Action is proper because this action raises a federal question over which this Court maintains exclusive jurisdiction in that, Berenato alleges, the original mortgage and the foreclosure purchase of the 22nd Street Property are governed by federal banking and securities regulations. (*See id.* at 1, 3, 7, 11.) Mr. Berenato also appears to allege that the Philadelphia County Action raises constitutional claims pursuant to 42 U.S.C. § 1983 with respect to several alleged violations of his constitutional rights. (*Id.* at 3-8, 12.)

In contrast, Plaintiff Le's Motion to Remand argues that "[t]his is a straight-forward civil action in ejectment for possession initiated by [Le], the record owner of the . . . [22nd Street Property] . . . filed in the Court of Common Pleas of Philadelphia County[.]" (ECF No. 4 at 1, ¶ 1.) As the Court of Common Pleas of Philadelphia County recognized, "Berenato[] was [previously] the record owner of the subject premises having acquired title by deed on April 23, 2007." (Opinion of the Hon. Lyris F. Younge, attached as Exhibit D to Pl.'s Mot. To Remand, ECF No. 4-8 at 6.) Subsequently, however, "[o]n May 7, 2019, the . . . [22nd Street Property] was sold at a City of Philadelphia Mortgage Foreclosure Sale to Plaintiff, Le, in accordance with

the law. On November 6, 2019, . . . [Le] became the record owner of the [22nd Street Property] . . . after acquiring Title by Deed from Jewell Williams, Sheriff of the County of Philadelphia." (*Id.* at 3.) Thereafter, Le commenced the ejectment action in December of 2019 as a result of Berenato's "failure to voluntarily vacate the property" after the conclusion of the mortgage foreclosure action. (ECF No. 4 at 2, ¶ 3.) In seeking to remand this action, Le argues that: (1) the Court lacks subject matter jurisdiction over this action because a "post-foreclosure action in ejectment for possession of a residential real property does not present a federal question" within the meaning of 28 U.S.C. § 1331; (2) Berenato is precluded from removing this action in accordance with 28 U.S.C. § 1441(b)(2), also known as the forum defendant rule;[2] and (3) removal is untimely pursuant to 28 U.S.C. § 1446(b)(1) which requires a notice of removal to be filed within 30 days of receipt of the copy of the intimal pleading setting forth the claim upon which the action is based. (Pl.'s Mem. of Law, ECF No.4-4 at 4-7.)

## II. STANDARD OF REVIEW

Because Berenato appears to be unable to pay the filing fee in this matter, the Court will grant him leave to proceed *in forma pauperis*. Where a case is removed from state court, 28 U.S.C. § 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded[;]" *see also Cook v. Wikler*, 320 F.3d 431, 437 (3d Cir. 2003) ("Once a party timely files a motion to remand, § 1447(c) authorizes a district court to enter a remand order . . . for a 'lack of subject matter jurisdiction.'"). Berenato, as the party removing this action to federal court, bears the burden of establishing

---

[2] The forum defendant "rule provides that '[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.'" *See Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152 (3d Cir. 2018), *reh'g denied* (Sept. 17, 2018) (citing 28 U.S.C. § 1441(b)(2)).

federal jurisdiction.  *See Erie Ins. Exch. v. Erie Indem. Co.*, 722 F.3d 154, 158 (3d Cir. 2013) ("[T]he party seeking removal, bears the burden of establishing that federal subject matter jurisdiction exists.") (citing *Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 151 (3d Cir. 2009)); *see also Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence.").

### III. DISCUSSION

"As a general matter, defendants may remove to the appropriate federal district court 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) (quoting 28 U.S.C. § 1441(a)).  "In order for a case to be removable under § 1441 and § 1331, the well-pleaded complaint rule requires the federal question be presented on the face of the plaintiff's properly pleaded complaint." *Krashna v. Oliver Realty, Inc.*, 895 F.2d 111, 113 (3d Cir. 1990) (quotations omitted).  Accordingly, the existence of federal defenses to a complaint generally does not support removal under § 1441 and § 1331.  *See Aetna Health, Inc. v. Davila*, 542 U.S. 200, 207 (2004).

Pursuant to § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  "The party asserting jurisdiction bears the burden of showing the action is properly before the federal court." *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 219 (3d Cir. 2005).  "The statute governing removal, 28 U.S.C. § 1441, must be strictly construed against removal." *Id.*  Further, the Court "has a continuing obligation to *sua sponte* raise the issue of subject matter jurisdiction if it is in question." *Bracken v. Matgouranis*, 296 F.3d 160, 162 (3d Cir. 2002).

Remand is required here as the Court lacks subject matter jurisdiction over this ejectment action.  Berenato's Notice of Removal alleges that this Court may exercise federal question

jurisdiction over this matter pursuant to § 1331.  (ECF No. 2 at 1-5, 7, 12.)  Berenato is incorrect.  As recognized by a non-precedential panel of the Third Circuit,  an "ejectment action . . . is governed by state law, . . . does not present a federal question[,]" and therefore "belongs back in state court."  *See Lott v. Duffy*, 579 F. App'x 87, 89-90 (3d Cir. 2014).  Accordingly, there is no basis for the Court to exercise federal question jurisdiction over this action.

Mr. Berenato also contends that the Court has jurisdiction over this case pursuant to diversity jurisdiction as set forth in 28 U.S.C. § 1332.  (ECF No. 2 at 1.)  Section 1332(a) provides for federal jurisdiction when parties are citizens of different states and the amount in controversy exceeds $75,000.  However, "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2).  It is apparent from the Notice of Removal and the parties' filings that Berenato is a citizen of Pennsylvania.  Accordingly, as this ejectment action was originally filed in Court of Common Pleas for Philadelphia County Pennsylvania, and as Berenato is a citizen of Pennsylvania, remand is required here because Berenato is a forum defendant and he may not remove this case.  Because there is no proper basis for this Court to exercise subject matter jurisdiction over this action, remand is required.[3]

## IV.    CONCLUSION

For the reasons stated, Mr. Berenato's motion for leave to proceed *in forma pauperis* will be granted.  The Court will grant Plaintiff's Motion to Remand, and this case will be remanded

---

[3] Having determined that remand is required because the Court lacks subject matter jurisdiction over this action, the Court need not address Plaintiff's additional argument that the Notice of Removal is untimely.

to the Court of Common Pleas for Philadelphia County for lack of subject matter jurisdiction. An appropriate Order follows.

           **BY THE COURT:**

           /s/ Gerald Austin McHugh

           **GERALD A. MCHUGH, J.**